IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 09-1088 SI |
| Plaintiff, | **FINAL PRETRIAL SCHEDULING ORDER** |
| v. | |
| HARJIT BHAMBRA, | |
| Defendant. / | |

On December 21, 2010, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning January 10, 2011. All parties were represented by counsel. The following matters were resolved:

1. **Trial schedule**: The parties expect that the case will take 4 days to complete. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Friday). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 1:45 p.m., all times approximate.

2. **Number of jurors and challenges**: There shall be a jury of twelve members, plus one alternate juror. The government shall have six peremptory challenges, the defendant shall have ten peremptory challenges, and each side shall have one additional peremptory challenge for the alternate.

3. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel.

**4.     Jury instructions**: The Court received proposed jury instructions from the government. Defendant is reviewing them, in light of the recent superseding indictment, and will confer with government counsel as necessary.  The Court has requested counsel to prepare brief substantive instructions to provide to the jury before the trial, with the other procedural preliminary instructions.

5.     **Trial exhibits**:  No later than January 7, 2010, the plaintiff shall submit its trial exhibits, in binders with numbered tabs separating and identifying each exhibit.  The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side.

6.     **Motions in limine**:   At the pretrial conference, government counsel agreed that witness William Cass would testify as a percipient witness, not an expert witness; defendant's motion to exclude his expert testimony is denied as moot.  Defendant explained that defendant's mother and brother would testify concerning defendant's historic and current abilities to speak the English language; plaintiff's motion to exclude these witnesses is denied without prejudice to specific objections to specific questions at the time of trial.  Defendant's prosecution for and conviction of CVC § 4463(a) is admissible for purposes of demonstrating the false statements/omissions alleged in the indictment; limiting instructions will be given as necessary should defendant propose them.

**IT IS SO ORDERED.**

Dated: December 22, 2010

_____
SUSAN ILLSTON
United States District Judge