UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HARJIT BHAMBRA,<br><br>Defendant. | Case No. 09-cr-01088-EMC-1<br><br>**ORDER ON DEFENDANT'S MOTION TO SET ASIDE JUDGMENT, REQUEST FOR EVIDENTIARY HEARING, MOTION TO DISQUALIFY DISTRICT JUDGE, AND MOTION TO APPOINT COUNSEL**<br><br>Docket Nos. 201, 202, 203, 209, 212, 215, 222, 223 |

## I. INTRODUCTION

In 2011, following two separate jury trials, Defendant Harjit Bhambra was convicted of filing false statements related to naturalization, filing false statements, unlawfully obtaining naturalization and citizenship, preparing false tax returns, and filing false tax returns. Docket Nos. 175, 180 at 3; *United States v. Bhambra*, 505 Fed. Appx. 670 (9th Cir. 2013). Judgment was entered on October 17, 2011. Docket No. 175. Bhambra appealed his convictions to the Ninth Circuit, who summarily affirmed and later denied his *en banc* request. *Bhambra*, 505 Fed. Appx. at 670; Docket No. 196. Bhambra then appealed to the United States Supreme Court, who denied certiorari on June 24, 2013. Docket Nos. 177, 195, 199.

Roughly three years later, Bhambra, proceeding *pro se*, filed the present motions. Docket Nos. 202 (Mot. to Set Aside Judgment), 209 (Req. for Evidentiary Hearing), 212 (Mot. to Disqualify), 215 (Mot. to Appoint Counsel). Bhambra moves to (1) set aside his convictions pursuant to Rule 60 of the Federal Rules of Civil Procedure for fraud on the Court; (2) disqualify

1  Judge Illston;[1] and (3) have counsel appointed to assist him. He also requests an evidentiary
2  hearing. *Id.* For the following reasons, Bhambra's motions are **DENIED**.

## II. BACKGROUND

All of Bhambra's motions appear to take issue with comments he alleges took place during his sentencing hearing before Judge Illston. *See* Mot. to Set Aside Judgment at 2; 203 (Mem. ISO Mot. to Set Aside Judgment) at 14; Req. for Evidentiary Hearing at 4; Mot. to Appoint Counsel at 2. Bhambra alleges that on October 11, 2011, Judge Illston stated, "Don't you ever come back to this Court for any reason, we do not want to see you back here ever . . . ." *See* Docket. No. 206 (Bhambra Sworn Affidavit) at 2-3. Bhambra alleges that after "getting sober" the undersigned "deleted [this] hateful statement from the official court record" and caused the hearing transcript to reflect that the hearing occurred on October 12, 2011. *See* Mot. to Set Aside Judgment at 2, 4; Mem. ISO Mot. to Set Aside Judgment at 3-4, 7; Req. for Evidentiary Hearing at 4-5; Mot. to Disqualify at 2. The federal prosecutor and Bhambra's court-appointed attorney then "conspired" to present these false court records to the Ninth Circuit, resulting in the Ninth Circuit "deliver[ing] a total miscarriage of justice" for Bhambra. Mot. to Set Aside Judgment at 4.

Bhambra apparently believes that this behavior intimidated him into believing he was barred from ever accessing the justice system and then "obstructing the federal proceedings record," constituting fraud upon the Court that warrants a reversal of his convictions.[2] *See* Mem. ISO Mot. to Set Aside Judgment at 2; Mot. to Disqualify at 2. He likewise moves the Court to hold an evidentiary hearing on this matter and to appoint him counsel to advance his allegations.

## III. DISCUSSION

Bhambra moves the Court for relief pursuant to Rule 60 of the Federal Rules of Civil Procedure, which, as applicable to this set of facts, provides: "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any other reason [than

---

[1] Judge Illston subsequently recused herself, *see* Docket No. 219, making this request moot.

[2] The Court observes that this "intimidation" certainly did not prevent Bhambra from appealing his conviction to the Ninth Circuit, seeking an *en banc* rehearing, or appealing to the Supreme Court, nor did it prevent Bhambra from filing the instant myriad of motions challenging his conviction.

2

those listed] that justifies relief." Fed. R. Civ. P. 60(b)(6). Bhambra specifically cites Federal Civil Rule 60(d)(3), which provides: "This rule does not limit a court's power to . . . set aside a judgment for fraud on the court."

As an initial matter, Bhambra's Rule 60(b) motion is untimely. "[A] Rule 60(b)(6) motion 'must be made within a reasonable time,' Fed. R. Civ. P. 60(c)(1), and Rule 60(b)(6) relief 'is available only where extraordinary circumstances prevented a litigant from seeking earlier, more timely relief." *Johnson v. CFS II, Inc.*, 628 Fed. Appx. 505, 505 (9th Cir. 2016) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)); *see also Alvarez-Machain v. United States*, CV 93-4072 SVW (SHx), 2004 U.S. Dis. LEXIS 28528, at *11 (C.D. Cal. Oct. 26, 2004) ( "Under prevailing Ninth Circuit doctrine, Rule 60(b)(6) is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment"). Here, Bhambra waited over four years to file his Rule 60(b) motion, despite the minute order and transcript for the hearing (which Bhambra relies upon as "evidence" of the alleged fraud) having been available since October and November 2011. Having reviewed Bhambra's voluminous filings -- including a 93-page memorandum of points and authorities -- the Court has not found any explanation for what "extraordinary circumstances," if any, prevented him from seeking timely relief.

The Court also finds that there is no showing that "fraud on the court" was committed. The Ninth Circuit has directed that the term "fraud on the court" "should be read narrowly, in the interest of preserving the finality of judgments." *Toscano v. Commissioner*, 441 F.2d 930, 934 (9th Cir.1971). "Simply put, not all fraud is fraud on the court. To constitute fraud on the court, the alleged misconduct must "harm[ ] the integrity of the judicial process." *In re Levander*, 180 F.3d 1114, 1119 (9th Cir. 1999) (citations omitted). In order to determine whether there has been fraud on the court, this circuit has reasoned that the conduct alleged should "embrace only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Id.* (citations omitted).

Here, Bhambra does not allege fraudulent conduct that imperils the integrity of the

1  judgment rendered against him. Bhambra was already convicted by a jury prior to the allegedly
2  offending sentencing comments being made. In other words, he attempts to attack his conviction
3  by relying on statements made *after* the jury verdict was entered. To the extent he contends that
4  the "fraudulent" hearing transcript affected the Ninth Circuit proceedings, the Ninth Circuit's
5  denial of Bhambra's appeal of his conviction was based on the merits of the case, not the
6  sentencing proceedings. Therefore, he has not demonstrated why the sentencing proceedings
7  would have changed the Ninth Circuit's decision.

8        This, of course, assumes that Bhambra has alleged fraudulent conduct that suggests that the judicial machinery was somehow thwarted; he has not. It is a serious matter to accuse a federal judge of fraud on the court, and the evidence presented here is unpersuasive. The primary evidence of "fraud" relied upon by Bhambra is that the minute order incorrectly states that the sentencing hearing occurred on October 12, 2011 (rather than October 11, 2011), while the transcript of proceedings correctly states the date of October 11, 2011 but lists it as a Wednesday instead of a Thursday. *See* Docket Nos. 173, 180 (Oct. 11, 2011 Trans.). It is clear from the record that the sentencing hearing occurred on October 11, 2011. These typos do not in any way evidence a larger plot to defraud the court, or are related to Bhambra's allegations that Judge Illston made the statements he claims she made.[3] Even if Judge Illston had made the alleged

///
///

---

[3] Bhambra offers his own sworn affidavit, as well as those of Surjit Ojla and Lakhbir Bhambra, recounting the offending statements. Docket Nos. 204, 205, 206. The Court has reviewed the reporter's transcript and no such statements appear; although the Court did say, "I understand that [Mr. Bhambra] continues to contact the Court in ways that are utterly inappropriate, and I would recommend that you [advise] him not to do that." Oct. 11, 2011 Trans. at 19.

It has long been established that a reporter's transcript is presumed to be correct. *Abatino v. United States*, 750 F.2d 1442, 1445 (9th Cir. 1985); *United States v. Hoffman*, 607 F.2d 280, 286 (9th Cir. 1979); *Soo Hoo Hung v. Nagle*, 3 F.2d 267, 268 (9th Cir. 1925); *Gingrich v. Oberhauser*, 305 F. Supp. 738, 741 (C.D. Cal. 1969); *see also People v. Kronemyer*, 189 Cal. App. 3d 314, 358-59 (1987) (characterizing reporter's transcript as "presumptively correct"). The party seeking to rebut this presumption must present a reason why a court should suspect an inaccuracy. *Norris v. Schotten*, 146 F.3d 314, 333 (6th Cir. 1998) (holding that a petitioner's speculation is insufficient to question trial transcripts as inaccurate); *Kronemyer*, 189 Cal. App. 3d at 358-59. Bhambra has failed to satisfy this burden.

comments, it is frankly every trial judge's wish that a criminal defendant reform his ways and not appear before that judge in a future, similar proceeding.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Bhambra's various motions.[4]

**IT IS SO ORDERED**.

Dated: July 29, 2016

_____
EDWARD M. CHEN
United States District Judge

---

[4] The Court is in receipt of Bhambra's "First Set of Requests for Admission," directed at Judge Illston. Because the Court denies all of Bhambra's motions and requests, it will strike these Requests for Admission.