UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>          Plaintiff,<br><br>    v.<br><br>BHAMBRA,<br><br>          Defendant. | Case No. 09-cr-01088-EMC-1<br><br>**ORDER REGARDING DEFENDANT'S REQUEST TO RECORD COURT PROCEEDINGS ON PRIVATE AUDIO RECORDING DEVICE**<br><br>Docket No. 234 |

Defendant Harjit Bhambra moves the Court for permission "to record all future court proceedings on his privately owned video and audio recording device." Docket No 234 at 1. His basis for the request is an allegation that previous records of court proceedings were "fake, false, fabricated and counterfeited," based on minor inaccuracies related to the date of a hearing in a court reporter's transcript and the court reporter's purported failure to record comments allegedly made by Judge Illston at an October 2011 hearing. *Id.* at 2. The Court previously found that Bhambra had failed to substantiate those allegations. *See* Docket No. 225 at 4. Accordingly, they are not a proper basis for Bhambra's request to privately record the proceedings using his own device.

Further, under Standing General Order No. 58 of the Northern District of California, "[p]hotography and video and audio recording are prohibited . . . in the courtrooms," including "[p]hotographing or recording any court proceeding from a location outside the courthouse in conjunction with an appearance made by telephone or videoconference." Standing General Order No. 58 § IV(B). The Order specifies that "[e]xceptions to these prohibitions may be authorized only by express written permission of the Chief Judge." *Id.* Although the Chief Judge has authorized the Cameras in the Courtroom Pilot Project, in which the Court uses its own equipment

to create video and audio recordings of court proceedings, that program applies only to *civil* cases and only for recordings intended for public broadcast. *See* General Order No. 65; *see also* Cameras Pilot Guidelines, available at http://cand.uscourts.gov/cameras/guidelines. The undersigned does not find good cause to request permission from the Chief Judge for an exception to this District's General Order.

Moreover, Federal Rule of Criminal Procedure 53 states that "[e]xcept as otherwise provided by a statute or these rules, the court must not permit the taking of photographs in the courtroom during judicial proceedings or the broadcasting of judicial proceedings from the courtroom." Fed. R. Crim. P. 53. Although Bhambra has not stated any intent to broadcast his recordings, once they are made, there is a possibility that such prohibited broadcast may occur. The Court does not believe that risk is justified here.

Bhambra's request to record the hearing with his own devices is thus **DENIED**. Nevertheless, the Court **ORDERS** the Courtroom Deputy to create an electronic recording of the September 13, 2017 hearing. Due to the limitations of Rule of Criminal Procedure 53, the electronic recording will be used solely as a "redundant or backup system to the record made by the official court reporter but no copies of the sound recording tapes will be made available for listening or for sale to anyone other than as requested by court personnel for their official duties." *U.S. v. McVeigh*, 931 F.Supp. 753, 756 (D. Colo. 1996). This will ensure that, if a future dispute arises over the transcripts of hearings in this case, a back-up recording will be available to court staff.

This order disposes of Docket No. 234.

**IT IS SO ORDERED**.

Dated: September 6, 2017

_____
EDWARD M. CHEN
United States District Judge

2