UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HARJIT BHAMBRA,<br><br>Defendant. | Case No. 09-cr-01088-EMC-1<br><br>**ORDER DENYING DEFENDANT'S OBJECTION TO RESTITUTION ORDER UNDER 18 U.S.C. § 3664**<br><br>Docket No. 253 |

Defendant Harjit Bhambra objected to the restitution ordered as part of his sentence on October 11, 2017, six years after it was entered on October 11, 2011. Bhambra's § 3664 objection is untimely because it was not made within 14 days of the presentence report proposing restitution. *See* Fed. R. Crim. 32(f)(1); 18 U.S.C. § 3664(c). Moreover, far from objecting, Bhambra in 2011 argued in favor of restitution over a long prison sentence. *See* Docket No. 165 at 3 ("His sentence should take into consideration the fact that Mr. Bhambra will likely be ordered to pay a significant amount of restitution. *The emphasis should be on restitution* and allowing Mr. Bhambra to return to the community where he can work to meet his obligations." (emphasis added)). This belies his assertion in his reply brief that he did not have an opportunity to contest the restitution amount.

To the extent Bhambra now requests "the court . . . set aside [the] judgment" underlying the restitution order, the Court construes his request as a 28 U.S.C. § 2255 habeas petition and denies it. A restitution order is not a serious restraint on liberty that warrants habeas relief, even if the petitioner challenges the restitution order (and only the restitution order) while in custody. *See Bailey v. Hill*, 599 F.3d 976 (9th Cir. 2010). Further, Bhambra previously filed a motion to set aside the judgment of his conviction and sentence under Fed. R. Civ. P. 60 and a separate 28 U.S.C. § 2255 motion, both of which were denied. *See* Docket Nos. 225, 252. Thus, this motion

is "[a] second or successive motion [that] must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). Bhambra has not obtained the required certification. Even if he had, the request would be untimely. *See* Docket No. 252 (explaining why Bhambra's previous habeas petition was untimely).

Accordingly, the request is **DENIED**.

This order disposes of Docket No. 253.

**IT IS SO ORDERED**.

Dated: October 26, 2017

_____
EDWARD M. CHEN
United States District Judge