UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HARJIT BHAMBRA,<br><br>Defendant. | Case No. 09-cr-01088-EMC-1<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY**<br><br>Docket No. 265 |

On October 26, 2017, the Court denied Defendant Harjit Bhambra's objections to restitution, construing the request to set aside the underlying judgment as a habeas petition under 8 U.S.C. § 2255. *See* Docket No. 263. Mr. Bhambra filed a notice of appeal on November 24, 2017. *See* Docket No. 265. On May 22, 2018, the Ninth Circuit remanded that appeal to this Court "for the limited purpose of granting or denying a certificate of appealability at the court's earliest convenience" under 28 U.S.C. § 2253(c).

A certificate of appealability (COA) may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is dismissed on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

Mr. Bhambra's motion did not allege a constitutional violation. He made only a statutory

claim asserting the restitution order was not supported by sufficient evidence under 18 U.S.C. § 3664. *See* 28 U.S.C. § 2253(c)(2) (certificate requires denial of a "*constitutional* right" (emphasis added)). Moreover, the Court denied the habeas petition on jurisdictional and procedural grounds: (i) Mr. Bhambra was no longer in "custody" under 28 U.S.C. § 2255(a), *see Bailey v. Hill*, 599 F.3d 976 (9th Cir. 2010); (ii) even if he was in custody, he did not obtain a certificate under 28 U.S.C. § 2255(h) to pursue a second, successive habeas petition; and (iii) even if he had obtained that certificate, the habeas petition would be untimely. *See* Docket No. 263. No jurist of reason would find it debatable whether these rulings were correct.[1]

For these reasons the request for a certificate of appealability is **DENIED**. The Clerk of the Court is instructed to transmit this order to the Court of Appeals.

**IT IS SO ORDERED**.

Dated: May 23, 2018

_____
EDWARD M. CHEN
United States District Judge

---

[1] The Court previously denied Mr. Bhambra's request to proceed on this appeal in forma pauperis on the basis that all issues presented were frivolous and therefore not taken in good faith. *See* Docket No. 270.